# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| **SHEILA ALLEN,** *Plaintiff*, | § § § |
| **v.** | § § CIVIL NO. 4:22-CV-00737 |
| **KROGER TEXAS. L.P.** *Defendant*. | § § § § |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Sheila Allen, (hereinafter referred to as "Plaintiff"), who files this Plaintiff's First Amended Complaint against Kroger Texas L.P. (hereinafter referred to as "Defendant"), and respectfully shows this Court as follows:

1.  This is an action for damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2. Defendant Kroger (hereinafter referred to as "Kroger") is a foreign limited partnership which at all material times conducted business in the State of Texas and is subject to jurisdiction in Texas as it has committed a tort in Texas, hires personnel in Texas, and conducts business in Texas.

3. On or about August 9, 2020, Kroger was the owner and operation of the Kroger store located in Tarrant County, Texas (hereinafter referred to as the "premises").

4. On that date, Plaintiff was shopping at Defendant's store, when she slipped and fell in a puddle of liquid that was on the floor.

5. Defendant was the owner or operator of the premises. Plaintiff was an invitee at the time of the injury because she was a customer at Defendant's store. Since Defendant's business

was open to the general public, Defendant extended an invitation to Plaintiff to shop at Defendant's store.

6. Defendant thus owed Plaintiff the duty to inspect the premises and maintain them in a reasonably safe condition. The condition of the premises posed an unreasonable risk of harm in that condition was extremely dangerous.

7. Defendant knew or reasonably should have known of the condition of the premises because Defendant it was there for a long enough time that a reasonable inspection would have revealed it. It was also dangerous for Defendant not to warn or make it safe for patrons knowing there was an unreasonably dangerous condition on the premises.

8. At all relevant times Defendant was guilty of negligence towards Plaintiff in the following respects:

   a. Failing to keep the premises in a reasonably safe condition for Plaintiff;
   b. Failing to inspect the premises to discover the latent defect;
   c. Failure to provide warning of the condition by posting signage, a barrier, or other marker indicating the presence of danger; and
   d. Failure to take any action to eliminate or reduce the unreasonable risk of danger presented by the condition.

Defendant's failure to use reasonable care was a proximate cause of Plaintiff sustaining injuries and damages that are described below.

9. As a direct and proximate result of Defendant's negligence, Plaintiff suffered severe and disabling injuries, mental and physical functioning, and disfigurement, for which Plaintiff required extensive medical treatment and has incurred medical bills. Plaintiff also suffered severe physical and mental pain, suffering, physical and mental impairment, depression,

physical and mental disability, anguish, and loss of enjoyment of life.

10. In all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of her life. Solely as a result of the injuries she sustained due to Defendant's conduct and/or omissions, Plaintiff has incurred doctors', and medical expenses. There is a more than reasonable probability that Plaintiff will incur additional expenses for necessary medical care and attention in the future for the injuries she incurred in the incident in sums unknown at this time.

11. Plaintiff's compensatory damages specifically include, but are not limited to, past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other damages which Plaintiff has incurred due to Defendant's conduct. All injuries are permanent, and Plaintiff will continue to suffer losses in the future.

WHEREFORE, the Plaintiff Sheila Allen, demands judgment for compensatory damages against Kroger, and all other relief that Plaintiff is justly entitled.

Respectfully submitted,

**Wolf Law, PLLC**

By: /s/ Julie Wolf
**Julie Wolf**
Texas Bar No. 24051542
julie@wolflawpllc.com
12222 Merit Dr., Suite 1200
Dallas, Texas 75251
Tel. (972) 338-4477
Fax. (972) 338-5044
*Attorney for Plaintiff*